HYDE PARK, PETITION, IN RE.

1. CIRCUIT COURT HAS JURISDICTION TO REVERSE JUDGMENT ON JONES LAW PETITION.

Under 98 O. L. 68 (Jones local option law) circuit court has jurisdiction in error to reverse the judgment and remand the case for a new trial, although no express provision therefor is contained in the act.

2. JUDICIAL DISCRETION REFUSING A CONTINUANCE NOT REVIEWABLE UNLESS ABUSED.

The action of a court in refusing a continuance and setting of a case for hearing are largely matters of judicial discretion to which error will not lie unless such discretion be abused.

3. NEW TRIAL ON A JONES LAW PETITION MAY BE HAD IN A REASONABLE TIME.

A reasonable time should be allowed for a new trial after the filing with the clerk of the municipality of the findings of the judge on the original hearing on a Jones law local option petition.

ERROR to Hamilton common pleas court.

**GIFFEN, J.**

The act "to further provide against the evils resulting from the traffic in intoxicating liquors by providing for local option in residence districts of municipal corporations" (98 O. L. 68) having been held constitutional, this court is authorized, when a petition in error is filed

Hyde Park, Petition, In re.

in accordance therewith, to reverse the judgment and remand the case for a new trial, although no express provision therefor is contained in the act. *Cochran* v. *Loring*, 17 Ohio 409; *Missionary Soc. of M. E. Church* v. *Ely*, 56 Ohio St. 405 [47 N. E. Rep. 537].

The provision of the act conferring final jurisdiction upon this court means simply, as shown by the latter part of the sentence, that "there shall be no appeal or error proceeding allowed from such a decision."

The setting of a case for hearing, especially when involving questions of public interest, and the action of a court in refusing a continuance are largely matters of judicial discretion to which error will not lie unless such discretion be abused; and we find no such abuse as was prejudicial to the rights of plaintiff in error.

While the act requires the findings of the judge upon the original hearing to be filed with the clerk of the municipality or council not more than forty days from the filing of the petition, there is no provision fixing a time within which the new trial shall be had and the findings filed with the clerk—hence a reasonable time, under all the circumstances, will govern.

The questions put to the witness, Kramer, at page 105 of the bill of exceptions, involved what he himself recognized as conclusions of law and drew out no facts from which to determine whether the district described in the petition was residential; but his testimony at page 102 shows it to be such.

Finding no prejudical error in the record the judgment will be affirmed.

**Swing** and **Smith, JJ.,** concur.